COPE, J.
 

 This is an appeal of an amended final judgment entered on the basis of a motion filed by plaintiffs-appellees under Florida Rule of Civil of Procedure 1.540(b). We conclude that the amended final judgment (but not the original final judgment) must be reversed.
 

 Plaintiffs-appellees Michael Williams and the University of the Creative Arts,
 
 *960
 
 Inc. sued defendant-appellant Urs Beat Mumenthaler, a Swiss national, for money damages. The case proceeded to a jury trial on damages which Mumenthaler did not attend. On May 9, 2008, the trial court entered a final judgment against Mu-menthaler for $1.6 million. The final judgment contained the words of finality, “for which let execution issue.” Mumenthaler did not appeal.
 

 Approximately one year and four months later, the plaintiffs filed a motion under Rule 1.540(b), seeking to amend the final judgment. The plaintiffs’ motion alleged that Swiss counsel advised them that the judgment would not be enforceable under Swiss law because the judgment did not state that it was “final, absolute, and unappealable.”
 
 *
 

 The trial court entered an amended judgment stating in substance that there had been no appeal and that the 2008 final judgment was now absolute, final, and/or unappealable. Mumenthaler has appealed the amended final judgment.
 

 It is clear that the plaintiffs relied on Rule 1.540(b)(1) for their motion for relief from judgment. Subdivision (b)(1) allows relief from judgment on account of “mistake, inadvertence, surprise, or excusable neglect[.]” A motion under Rule 1.540(b)(1) must be filed “not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.” As the motion was filed more than one year after the judgment was entered, the trial court was without jurisdiction to amend the judgment. For that procedural reason, we reverse the amended judgment. The original judgment, of course, remains intact.
 

 So that there will be no misunderstanding, we point out that the original $1.6 million judgment has now, by the passage of time, become final, absolute, and unap-pealable. That is so because Mumenthaler did not file any timely postjudgment motion or notice of appeal after entry of the 2008 judgment. The fact that the 2008 judgment is final and unappealable is not disputed by either side.
 

 For the stated reasons, the amended final judgment is reversed.
 

 Reversed.
 

 *
 

 We express no opinion on the accuracy of the advice the plaintiffs say they were given regarding Swiss law. According to one article, "The petition for the recognition or enforcement of a foreign decision in Switzerland must be accompanied by a document attesting that it ‘is no longer subject to ordinary judicial remedy, or that it is final.' " Martin Bemet & Nicolas C. Ulmer,
 
 Recognition and Enforcement of Foreign Civil Judgments in Switzerland,
 
 27 Int’l Law. 317 (1993);
 
 see also
 
 Committee on Foreign and Comparative Law of the Association of the Bar of the City of New York,
 
 Survey on Foreign Recognition of U.S. Money Judgments,
 
 at 16 (July 31, 2001) (same).
 

 It is impossible to see how the 2008 Florida final judgment could have contained any language saying that the judgment was unap-pealable because there is, of course, a right to appeal a final money judgment. Fla. R.App. P. 9.110.